UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN KUTH | ) | Case Number |
| Plaintiff | ) | |
| vs. | ) | CIVIL COMPLAINT |
| GC SERVICES, LP | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Stephen Knuth, by and through his undersigned counsel, Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiff, Stephen Knuth (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Stephen Knuth, is an adult natural person residing at 4901 Chowan Avenue, Alexandria, VA 22312. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, GC Services, LP, at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Virginia and the Commonwealth of Pennsylvania with its principal place of business located at 6330 Gulfton Street, Houston TX, 77081 and a registered office located at 116 Pine Street, Suite 320, Harrisburg PA 17101

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7.   Plaintiff is currently engaged in a payment plan with the Defendant regarding a student loan debt owed to The Department of Education.

8.   Prior to entering into a payment plan with the Defendant, it was explained that the only viable method of payment would be for the Plaintiff to give his bank account information and let the Defendant deduct the payments, to which the Plaintiff reluctantly and regretfully agreed.

9.   The Plaintiff's first scheduled payment of $910.00 was deducted from his account on February 23, 2010.

10.   After his first payment was made on February 23, 2010 the Plaintiff contacted his bank and instructed them to put a stop-payment on any future transactions initiated by the Defendant.

11.   Plaintiff felt coerced and bullied into giving his personal banking information, hence placing the aforementioned stop-payment on his account.

12.   Plaintiff received a letter from the Defendant dated March 11, 2010 that stated they received a check from the Plaintiff dated March 22, 2010.  See a copy of the letter appended hereto and marked "**EXHIBIT A**".

13.   Plaintiff never sent the Defendant a physical check of any kind.

14.   Plaintiff received a second letter from the Defendant dated March 31, 2010 indicating that they had received another check dated April 11, 2010.  See a copy of the letter appended hereto and marked "**EXHIBIT B**".

15.   Plaintiff did not send a check to the Defendant dated April 11, 2010, nor did he send any prior check.

16. The Defendant attempted to deduct $910.00 from the Plaintiff's bank account on April 14, 2010 and he was charged a $35.00 NSF Fee as a result. See a copy of the document appended hereto and marked "**EXHIBIT C**".

17. On April 16, 2010 the Defendant was able to bypass the stop-payment and removed $910.00 from the Plaintiff's bank account. See a copy of the document and the circled transaction appended hereto and marked "**EXHIBIT C**".

18. Plaintiff was unaware that his balance was negative, and as a result was charged a total of $700.00 in overdraft fees by making his normal day-to-day transactions.

19. Plaintiff filed an ACH Dispute with his bank, Wachovia, on April 20, 2010. See a copy of the document appended hereto and marked "**EXHIBIT D**".

20. Plaintiff's bank, Wachovia, asserts that the Defendant as able to circumvent the stop-payment by entering 'multiple customer numbers'.

21. Aware that the burdens of wrongdoing rest with the Defendant, Wachovia reimbursed the Plaintiff on April 22, 1010 in the amount of $735.00 to return the total funds lost from overdraft and NSF fees. See a copy of the document appended hereto and marked "**EXHIBIT E**".

22. Plaintiff received a third letter from the Defendant dated April 13, 2010 indicating that they had received a third check dated April 22, 2010. See a copy of the letter appended hereto and marked "**EXHIBIT F**".

23. Plaintiff did not send the referenced check, nor did he send the previous two aforementioned checks.

24. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

25. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692f(5): Caused any charges to be made to the consumer

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against GC Services, LP, for the following:

    a.    Actual damages;

    d.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: May 7, 2010**              **BY:** */s/ Brent F. Vullings*
　　　　　　　　　　　　　　　Brent F. Vullings, Esquire
　　　　　　　　　　　　　　　Warren & Vullings, LLP
　　　　　　　　　　　　　　　1603 Rhawn Street
　　　　　　　　　　　　　　　Philadelphia, PA  19111
　　　　　　　　　　　　　　　215-745-9800   Fax 215-745-7880
　　　　　　　　　　　　　　　Attorney for Plaintiff